**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

      **v.**           **Civil No. 08-3022**

**VITA T. JESSE**                                                          **DEFENDANT**

## MEMORANDUM ORDER

Now on this 9th day of March, 2010, comes on to be considered plaintiff's **Motion for Summary Judgment (doc. 14).** The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The plaintiff initiated this action on May 14, 2008. In the complaint, the plaintiff asserts that the defendant owes the plaintiff certain amounts as a result of two student loans guaranteed by the United States Department of Education.

2. The defendant did not file a timely answer; and, the United States District Clerk entered a default on August 20, 2008.

3. On September 15, 2008, the defendant moved to set aside the Clerk's entry of default. The Court granted that motion on September 19, 2008.

4. The defendant's answer was thereafter filed on September 19, 2008.

5. The plaintiff now moves for summary judgment. The defendant has not responded to the plaintiff's instant motion.

6. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

7. For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

* For valuable consideration and to obtain a student loan, the defendant, Vita T. Jesse, executed two promissory notes from Bank IV, N.A. on December 16, 1988, in the original amounts of: (1) $3,100.00, bearing interest at a variable rate to be established annually by the Department of Education (as of the date of the filing of the motion at the rate of 5.82%) and, (2) $2,625.00, bearing interest at the rate of 8.00% per annum.

* These loans were insured by the Department of Education under Title IV B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. 682).

* Under the provisions of the Promissory Note, the Plaintiff has declared the total balance immediately due and payable.

* The defendant has refused and failed to pay the balance.

* On November 20, 2008, the plaintiff served the defendant with Plaintiff's First Set of Requests for Admission to Defendant.

* The defendant did not respond to plaintiff's requests for admission.

* As of March 5, 2010, the defendant owed the total sum of $6,652.36 with respect to the $2,625.00 loan. The loan continues to accrue interest at the rate of 8.00% per annum, or 60 cents per

day.

* As of March 5, 2010, the defendant owed the total sum of $7,875.49 with respect to the $3,100.00 loan.  The loan continues to accrue interest at the variable rate of 3.73%, or 36 cents per day through June 30, 2010.

8. The instant motion by the plaintiff for summary judgment has not been opposed by the defendant.  And, although the defendant did, belatedly, file an answer to the plaintiff's complaint, the defendant did not dispute the amounts owed, but only sought "amnesty" for the amount owed.[1]  Further, the plaintiff served the defendant with certain requests for admissions on November 20, 2008, to which the defendant did not respond; therefore, pursuant to Rue 36(a)(3) of the Federal Rules of Civil Procedure, the following issues of fact are deemed admitted by the defendant:

* That Vita T. Jesse applied for and was granted the following loans to attend the United States Truck Driving School, Inc. as a student:

   ** promissory note dated 12/16/88, in the amount of $3,100.00

   ** promissory note dated 12/16/88, in the amount of $2,625.00

---

[1] In her answer, the plaintiff does allude to a bankruptcy filing four (4) years ago. However, the plaintiff does not assert that loans at issue were discharged in that bankruptcy; and, pursuant to 11 U.S.C. § 523 (a)(8) bankruptcy does not discharge such a debt "unless excepting such a debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents".

-4-

* That Jesse signed the promissory notes and agreed to repay the loans according to the terms of the notes.

* That Jesse completed the course of study for which she obtained the loans.

* That Jesse made payments totaling $1,338.28 which have been applied to the debt balance.

* That Jesse was notified on 4/18/08 that her case was being referred to the U.S. Attorney's Office for the Western District of Arkansas to initiate legal action.

* That Jesse has made no other payments other than the $1,338.28. And,

* That Jesse is in default on the two loans.

9. Based upon the all of the above, the Court finds that the plaintiff's **Motion for Summary Judgment (doc. 14)** should be, and hereby is, **granted**, and judgment should be granted to the plaintiff, and against the defendant, in the total amount of Fourteen Thousand Five Hundred Thirty-One and 69/100 Dollars ($14,531.69)[2], with interest accruing at the post-judgment rate of .34% per annum until paid.

**IT IS SO ORDERED.**

    **/s/ JIMM LARRY HENDREN**
    **JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**

---

[2] The total as of the date of judgment is calculated pursuant to the figures provided in the plaintiff's Supplement to Motion for Summary Judgment (document 17) and pursuant to the Declaration of Delfin M. Reyes, of the Department of Education (Exhibit A to document 17).